UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CHAD NICHOLAS NELSON,

                                                            Civil No. 23-2122 (JRT/LIB)

            Plaintiff,

v.

                                             **MEMORANDUM OPINION AND ORDER**

KEITH ELLISON, *Minnesota Attorney General*, et al,

            Defendants.

---

Chad Nicholas Nelson, 6870 147th Avenue Northwest, Ramsey, MN 55303, *pro se* Plaintiff.

Plaintiff Chad Nicholas Nelson filed an objection to Magistrate Judge Leo I. Brisbois' Report and Recommendation ("R&R") recommending that the Court dismiss Nelson's complaint, deny his motions, and deny his application to proceed in forma pauperis ("IFP"), which the Court adopted.  Nelson subsequently filed a motion to alter or amend the Court's judgment, a motion to amend the complaint, and a supplemental complaint. After reviewing the objection de novo and finding that it lacks merit, the Court will overrule the objection.  The Court will deny the Motions to Alter or Amend Judgment and the Complaint and dismiss the Supplemental Complaint on futility grounds.

## BACKGROUND

A Minnesota state-court jury convicted Nelson of one count of second-degree felony murder, and he was sentenced to a 150-month term of imprisonment.  *State v.*

*Nelson*, No. A17-1429, 2018 WL 3966353, at *1 (Minn. Ct. App. Aug. 20, 2018).  Nelson was released from custody on December 11, 2023.  Minn. Dept. of Corr., *Offender Locator*, https://coms.doc.state.mn.us/publicviewer (last visited Jan. 4, 2024).

While incarcerated, Nelson filed a complaint against Minnesota Attorney General Keith Ellison as well as five groups: the Minnesota District Judges Association, the authors of the "Trial Handbook for Minnesota Lawyers," the authors of "Minnesota Practice Series Criminal Law and Procedure," the authors and educators of the "Minnesota District Judges Crim. Bench book," and "all Minnesota prosecutors."  (*See* Compl. at 1, July 13, 2023, Docket No. 1.)  Nelson argues that Minnesota's self-defense statutes, Minn Stat. §§ 609.065, 609.06 subsection 3, are unconstitutionally vague and thus he had no duty to retreat in the altercation underlying his conviction.  (*Id.* at 4–6, 8–9.)  He seeks to enjoin the defendants from enforcing a duty to retreat in any Minnesota prosecution involving self-defense.  (*Id.* at 4.)  Nelson also filed an application to proceed IFP and three motions. (*See* Appl. to Proceed without Prepaying Fees or Costs, July 21, 2023, Docket No. 5; Mot. TRO, July 13, 2023, Docket No. 2; Mot. to Appoint Counsel, July 26, 2023, Docket No. 7; Mot. for Copy Costs Added to Filing Fees, July 31, 2023, Docket No. 8.)

The Magistrate Judge denied the Motion to Appoint Counsel and issued an R&R recommending dismissal of the Complaint and denying all other motions as moot.  (Order & R. & R. at 9–10, Oct. 27, 2023, Docket No. 17.)  The R&R concluded the Court lacks jurisdiction over claims asserted against the Attorney General in his official capacity under

the doctrine of sovereign immunity. (*Id.* at 5–8.) In addition, the claims against the remaining defendants were patently or factually frivolous. (*Id.* at 8–9.)

Neither party objected to the R&R by the deadline, November 10, 2023. Without any objections, the Court adopted the R&R. (Order Adopting R. & R., Nov. 15, 2023, Docket No. 18.) Nelson filed an untimely objection to the R&R on December 4, 2023. (Pl.'s Obj. R. & R., Docket No. 21.) Nelson also filed a Motion to Alter or Amend Judgment, a Motion to Amend the Complaint, and a Supplemental Complaint. (Pl.'s Mot. Alter/Amend/Correct J., Nov. 27, 2023, Docket No. 20; Pl.'s Mot. Alter/Amend/Suppl. Pleadings, Dec. 4, 2023, Docket No. 22; Suppl. Compl., Dec. 11, 2023, Docket No. 29.)

## DISCUSSION

### I. OBJECTION TO REPORT AND RECOMMENDATION

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations" within 14 days of receiving a copy of the R&R. Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

As a preliminary matter, the Court received Nelson's objection to the R&R on December 4th, well past the November 10th deadline. Ordinarily, objections submitted after the deadline are considered untimely. However, Nelson claims that prison officials provided him with the R&R on November 15th, such that the timeline to object ran until November 29th. Because Nelson was a pro se inmate at the time he sent his objection, the Court will consider the timeliness of his objection under the prison-mailbox rule, which deems a pro se prisoner's objection as filed on the day it was delivered to prison officials for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *Grinder v. Gammon*, 73 F.3d 793, 794 (8th Cir. 1996) (applying prison-mailbox rule to inmate's objections to magistrate judge's recommendation). Because Nelson's objection is dated November 29, the Court assumes he delivered it to prison officials for forwarding on that date, and thus will consider it timely.

Nelson's objection takes issue with the Court's conclusion that it lacks jurisdiction over claims against the Attorney General. He asserts that the Eleventh Amendment's sovereign immunity shield does not apply because of Minnesota Rule of Appellate Procedure 144. However, Rule 144 does not supply any basis for Nelson's objection, as this state appellate rule does not apply to federal district court proceedings. *See* Minn. R. App. P. 101.01 (dictating that the rules only apply to the Supreme Court and the Court of Appeals of Minnesota). Construing Nelson's pro se objection liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court assumes that Nelson's argument is that the *Ex*

*Parte Young* exception applies, under which private parties may seek injunctive relief in federal court to prevent state officials from enforcing state laws that are contrary to federal law. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908).

For the exception to apply, the complaint must allege "an ongoing violation of federal law" for which the party "seeks relief properly characterized as prospective." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (quotation omitted). Here, nothing in Nelson's objection or Complaint could be construed as an ongoing violation of federal law. The Attorney General's enforcement of lawful Minnesota self-defense statutes and the duty to retreat does not violate federal law, so the *Ex Parte Young* exception does not apply.

Because Nelson does not specify the 42 U.S.C. § 1983 claims against the Attorney General in his individual or official capacity, the Eighth Circuit instructs the Court to treat the claims as official-capacity claims. *See Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016). And because the State of Minnesota has not consented to Nelson's suit, the Court lacks jurisdiction over these claims under sovereign immunity.[1] *See Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (discussing the doctrine). In addition, the Court does not believe that Nelson has standing to bring these claims, as he has not

---

[1] Even if Nelson intended to bring claims against the Attorney General in his individual capacity, the Court would still lack jurisdiction under the doctrine of prosecutorial immunity, as the Attorney General's prosecution was within the scope of this immunity. *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (discussing the doctrine).

established a real and immediate threat to himself if the Attorney General continues to enforce the duty to retreat and self-defense statutes. *See City of L.A. v. Lyon*, 461 U.S. 95, 101–06 (1983). Accordingly, the Court will overrule Nelson's objection.[2]

## II. MOTION TO ALTER OR AMEND JUDGMENT

A party may file a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). A party cannot re-litigate old issues with such a motion. *Id.*

Nelson's Rule 59(e) motion does nothing more than re-state substantive arguments he made in his Complaint, making the motion improper. Yet even if Nelson's motion were proper, it would be denied on the merits. When the Court adopted the R&R in full, it reviewed the Magistrate Judge's reasoning for clear error and found none. For these reasons, the Court will deny Nelson's Motion to Alter or Amend Judgment.

---

[2] The Court rejects Nelson's assertion that, because it did not reach the merits of Nelson's challenge in adopting the R&R, the Court "agrees with Plaintiff." (Obj. to R. & R. at 5.) The Court cannot reach the merits because it lacks jurisdiction. As a result, the merits of Nelson's challenge remain unresolved, and the Court expresses no opinion on the "correctness" of Nelson's assertions.

**III.   MOTION TO AMEND THE COMPLAINT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). But there is "no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, MO, 318 F.3d 832, 844 (8th Cir. 2003). Leave to amend should be denied where there are "compelling reasons," including "futility of the amendment." *Id.* (internal quotation omitted).

Nelson moves the Court for leave to amend the Complaint, asking that the Court declare that his legal statements in the Complaint and other filings are accurate. Though Nelson may seek to add new prayers for relief through these declarations, really he just re-states his substantive arguments. The proposed amendments do not cure any deficiencies in the original Complaint, and thus must be denied as futile. *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022). Restating substantive arguments or adding new prayers for relief will not cure the fact that the Court does not have jurisdiction over Nelson's claims against the Attorney General or that the remaining claims are patently or factually frivolous. Therefore, the Court will deny the Motion to Amend the Complaint.

**IV.   SUPPLEMENTAL COMPLAINT**

In the Supplemental Complaint, Nelson restates legal arguments and claims raised in his previous filings. A court can dismiss a complaint under the IFP statute at any time if it determines that it is frivolous or fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  The Court dismissed the original Complaint for lack of jurisdiction and frivolousness, and the Supplemental Complaint fails to cure those deficiencies.  Accordingly, the Court will dismiss the Supplemental Complaint.

## V.   RESTRICTED FILER LIST

Courts have authority to control matters pending before them, and while there is a right to access the courts that right does not extend to frivolous actions or those with malicious intentions.  *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citation omitted).  To protect defendants from this type of litigation, courts may reasonably restrict a litigant's ability to file future actions relating to the same conduct.  *Id.* at 1293 (citing *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981)).  In the District of Minnesota, courts first warn a litigant before placing them on the restricted filer list.  Thus, though a dismissal without prejudice means that Nelson can re-file a complaint after making the necessary changes, the Court warns that re-filing without curing the deficiencies may result in Nelson being placed on the restricted filer list, which would restrict Nelson from filing any new lawsuits or motions in the District of Minnesota unless he is represented by an attorney or obtains prior written approval from a United States District Judge or United States Magistrate Judge in the District of Minnesota.

## CONCLUSION

Because Nelson's objection is meritless, the Court will overrule the objection and deny the Motion to Alter or Amend Judgment.  Because Nelson's proposed amendments to the Complaint and Supplemental Complaint do not cure any deficiencies, the Court will

deny the Motion to Amend the Complaint and dismiss the Supplemental Complaint without prejudice.[3] The Court also warns that re-filing without curing the deficiencies may result in Nelson being placed on the restricted filer list.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Alter/Amend/Correct Judgment [Docket No. 20] is **DENIED**;

2. Plaintiff's Objection to Report and Recommendation [Docket No. 21] is **OVERRULED**;

3. Plaintiff's Motion to Alter/Amend/Supplement Pleadings [Docket No. 22] is **DENIED**; and

4. Plaintiff's Supplemental Complaint [Docket No. 29] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 21, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[3] A dismissal without prejudice means that Nelson can re-file a complaint after making the necessary changes.