UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CHAD NICHOLAS NELSON,

                    Plaintiff,

v.

KEITH ELLISON, *Minnesota Attorney General*, et al,

                    Defendants.

Civil No. 23-2122 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

---

Chad Nicholas Nelson, 6870 147th Avenue Northwest, Ramsey, MN 55303, *pro se* Plaintiff.

Plaintiff Chad Nicholas Nelson is on supervised release after serving a 150-month sentence of imprisonment for second-degree murder. While incarcerated, Nelson filed the complaint in this action and various motions against the Defendants, seeking to enjoin them from enforcing a duty to retreat in any Minnesota prosecution involving self-defense. (Compl. at 1, 4–6, 8–9, July 13, 2023, Docket No. 1.) The Court adopted Magistrate Judge Leo I. Brisbois's Report and Recommendation, dismissing the complaint and denying Nelson's assorted motions. (Order Adopting R. & R., Nov. 15, 2023, Docket No. 18.) Nelson subsequently filed a motion to alter or amend the Court's judgment, a motion to amend the complaint, and a supplemental complaint. (Mot. to Alter/Amend/Correct J., Nov. 27, 2023, Docket No. 20; Mot. to Alter/Amend/Suppl. Pleadings, Dec. 4, 2023, Docket No. 22; Suppl. Compl., Dec. 11, 2023, Docket No. 29.) The

Court denied the motions to amend and dismissed the supplemental complaint on futility grounds. (Mem. Op. & Order at 9, Feb. 21, 2024, Docket No. 31.) Nelson now requests the Court give him 90 days to submit an amended complaint in his Motion to Alter or Amend Judgment. (Mot. to Alter or Amend J., Mar. 5, 2024, Docket No. 33.) Because Nelson has not demonstrated a manifest error of law or newly discovered evidence as required to amend the Court's prior order denying his motion to amend the complaint, the Court will deny Nelson's Motion to Alter or Amend Judgment.

A party may file a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

In his current Motion, Nelson requests 90 more days to submit an amended complaint to allow for more time to sort through the documents and legal materials regarding his conviction and the four cases he currently has pending in federal court. (Mot. to Alter or Amend J. at 1–2, 4.) Alternatively, Nelson requests that the Court provide legal counsel to assist him through the legal process. (*Id.* at 2.)

The Court liberally construes Nelson's Motion as a request to amend its order denying his previous motion to amend the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation marks omitted). Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). But there is "no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). Leave to amend should be denied where there are "compelling reasons," including "futility of the amendment." *Id.* (internal quotation omitted).

In its previous order, the Court denied Nelson's motion to amend the complaint after finding his proposed amendments would not cure any deficiencies in the original complaint and were therefore futile. (Mem. Op. & Order at 7.) In his current Motion, Nelson has neither demonstrated a manifest error of law nor newly discovered evidence that warrants amending the Court's denial of his motion to amend the complaint. He does not explain how the deficiencies in his complaint could be cured through this amendment. Instead, Nelson appears to be asking for the opportunity to introduce theories, arguments, or evidence that could have been brought previously, by sorting through legal documents previously in his possession. Nelson does not allege that these legal documents are new evidence. While the Court sympathizes with Nelson to the extent that sorting through legal documents is a tedious and difficult task, the law is clear

that Rule 59(e) motions are impermissible absent a showing of manifest error of law or newly discovered evidence, and Nelson has not met this standard.

Additionally, to the extent that Nelson requests the Court appoint him counsel, the Court will decline to do so. Pro se litigants, whether prisoners or non-prisoners, do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir.1998). Rather, the Court has discretion whether to appoint counsel for such litigants. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). In determining whether to appoint counsel, courts consider the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the court would benefit from representation by counsel for both parties. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986). Here, the Court finds that neither the facts nor the legal issues in this case are so complex as to warrant appointment of counsel. Because thus far Nelson has demonstrated an ability to effectively articulate his claims and arguments to the Court, appointment of counsel would not substantially benefit him or the Court at this time.

In conclusion, because Nelson has not demonstrated a manifest error of law or newly discovered evidence that warrants amending the Court's previous denial of his motion to amend his complaint, the Court will deny Nelson's Motion to Alter or Amend Judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment [Docket No. 33] is **DENIED**.

DATED: May 14, 2024　　　　　　　　　　　　　　　　　　_JOHN R. TUNHEIM_ (signature)
at Minneapolis, Minnesota.　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge